REQUESTED BY: Senator John DeCamp Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator:
This is in response to your request for an opinion dated January 29, 1985, regarding a proposed legislative bill, LB 602.
The proposed bill is basically enabling legislation and provides a procedure for the legislature to follow relating to the appropriation of funds in certain circumstances specified therein. It is generally recognized that the legislature's power includes that of providing modes of procedure. As stated in State ex rel. Douglas v. Nebraska Mortgage FinanceFund, 204 Neb. 445, 460, 283 N.W.2d 12 (1979), `the test is the end result, not the means'.
This bill establishes a procedure only (the means) and sections 2 and 3 clearly require separate action in the form of a specific legislative appropriation (the end result). In any event, it is also true that constitutionality must be judged not merely on the basis of what is done by a particular bill, but on the basis of what is authorized to be done.
The question thus becomes whether any separate appropriation under sections 2 and 3 would be constitutionally valid.
In Weaver v. Koehn, 120 Neb. 115, 231 N.W. 703
(1930), the Supreme Court of Nebraska was confronted with a legislative appropriation of some $260,000.00 to be paid depositors in failed banks. The situation presented was almost identical to any appropriation which would be authorized by sections 2 and 3 of the bill now under consideration. The court held:
 The banking business, as it relates to state banks in Nebraska, is recognized as being quasi-public in its transactions with the people generally, and particularly in respect of its transactions with depositors of money in such state banks. And this, of course, includes individuals and corporations and, in effect, all depositors of money therein. But the appropriation of money by the state, to reimburse depositors for losses sustained by them in failed banks, clearly appears to be the taking of money belonging to one class to pay the claims of those in another class.
 And this is in violation of the due process provision of the federal and state Constitutions. Clearly it has not yet come to pass that the state, in its supervision of the banking business, has become an eleemosynary institution.
 Id. at 120 Neb. 117.
In addition, Article XIII, section 3 of the Nebraska Constitution provides:
 The credit of the State shall never be given or loaned in aid of any individual, association, or corporation. . . .
This constitutional provision also presents serious questions in light of the proposed bill. While at first blush, State ex rel. Douglas, supra, would appear to support the proposed bill's constitutionality, a careful reading indicates that the statutory scheme thereunder involved `no State appropriation, revenue or tax'. Lenstrom v.Thone, 209 Neb. 783, 311 N.W.2d 884 (1981), also appears to be distinguishable in that the proposed bill involves a direct appropriation.
In light of Weaver v. Koehn, supra, and Article XIII, section 3 of the Nebraska Constitution, it appears that any separate appropriation as authorized by sections 2 and 3 of this bill would be constitutionally suspect. It is, therefore, our opinion that the bill itself is constitutionally suspect under Weaver v. Koehn and Article XIII, section 3
of the Nebraska Constitution.
Finally, it should be pointed out that the FDIC and the FSLIC do not appear to be `an agency of the federal government' and section 2 of the bill should be amended to clarify the circumstances in which the bill would apply.
Respectfully submitted,
Edwin C. Perry, Special Assistant Attorney General